OLIVER P. CHANDLER, Respondent, *vs.* JOHN KENT, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The statute does not require leases for a term not exceeding three years to be executed in the presence of witnesses.

In an action under the statute, concerning Forcible Entries and Unlawful Detainers by a landlord to recover the possession of leased premises, an allegation that the Plaintiff leased the premises, of which restitution is asked, to the Defendant, is not sustained by the mere production of a lease in which the Plaintiff leases his interest only in said premises.

## Points and Authorities of Appellant.

I.—An instrument, purporting to be a conveyance of any interest or estate in lands, to be valid, must be executed in the presence of two witnesses, and a lease of lands for a term of years is such an instrument.   6 *Minn. R.*, 293; 5 *Minn. R.* 330 *&* 332.

II.—The Plaintiff in this action having declared upon his alleged lease, its place cannot be supplied by any other evidence, and the Defendant was and is entitled to judgment.

III.—Even if the lease had been properly executed, it did not purport to be a lease of the lands therein described or of any definite interest or estate therein; and, therefore, it was incumbent upon the Plaintiff to show that he had some interest or estate in the lands, in order, under any circumstances, to entitle him to a judgment for their restitution, the lease it-

self furnishing no evidence that the Plaintiff had either title or the right of possession.

IV.—That the Court below erred in the conclusions of law as well as the findings of fact. *See exceptions to report.*

Points and Authorities for Respondent.

I.—It is sufficient in the case of a lease not exceeding three years, if the same is in writing, subscribed by the parties. No seal or witnesses are required. *Sec. 8, chap. 49, Comp. Stats. See title " Lease," 2d Bouvier's Law Dictionary, p. 15.*

II.—No conveyance by deed under the statute is necessary to create a lease not exceeding three years. Such leases are excluded from the operation of the act concerning " Alienation by Deed." *Sec. 30, chap. 35 Comp. Stats., p. 400; and see sec. 1, ibid, 397.*

A lease not exceeding three years is not considered real property, requiring a conveyance by deed under the statute for its transfer or creation. *Sec. 61, chap. 35 Comp. Stats., page 405.*

III.—The lease if void as a two years lease would be good as a lease for one year by parol, and the Defendant having held over without payment of rent, or his lease having terminated, the Plaintiff would, in either case, be entitled to restitution.

Cooper & Crowell, Counsel for Appellant.

Horn, Lund & Galusha, Counsel for Respondent.

*By the Court.*—Emmett, C. J.—The Appellant's first point is untenable, to wit, that the lease offered in evidence is void, because it does not appear to have been executed in the presence of two witnesses, in accordance with the requirements of *section 8 of chapter 35 of the Compiled Statutes, p.* 398. There are two persons, it is true, who sign this instrument as witnesses, but then one signs himself as a witness to the execution thereof by the lessor, while the other witnessed its execution by the lessee. We do not hesitate to say that, if two

witnesses are necessary to an instrument of this kind, the statute has not been complied with in this instance, because neither party executed it in the presence of the requisite number. We think, however, that it conclusively appears from section 30 of the chapter above mentioned, that leases for three years and under are not included within the operations of the statute. The section reads as follows:

"SEC. 30. The term 'conveyance,' as used in this chapter shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, except wills, *leases for a term not exceeding three years*, and executory contracts for the sale or purchase of lands."

It is true that such an instrument (a lease for the term of two years) is required to be in writing and signed by the party by whom it is made, (*secs. 7 and 8, chap. 49 Comp. Stat.*, 457) yet we have met with no provision requiring that it shall be executed before witnesses.

There is another point made by the Appellant, however, which presents a more serious difficulty in the way of the Plaintiff's recovery:

The action was brought under the provisions of the chapter concerning "Forcible Entries and Unlawful Detainers." The Plaintiff declared upon a lease of a certain quarter section of land, which he alleged that he had made to the Defendant, averring the entry and possession of the Defendant under the same,—the expiration of the term,—the non payment of rent due,—and the service upon him of the written notice required by the statute. The Defendant denied the leasing, and also pleaded the pendency of another action; upon which plea the Plaintiff joined issue. On the trial the Plaintiff offered in evidence a written lease to the Defendant of "*all the interest which he [the Plaintiff] has in the N. W. quarter of section 15, Town 28, Range 23 W.*" &c., being the same land described in the complaint. The reception of this instrument was objected to by the Defendant, but received by the Court. He then proved the non-payment of rent by the Defendant; the service of notice as alleged, and rested, without further

evidence of any kind.  The Defendant offered no evidence on his part, claiming that he was entitled to a judgment in his favor, because the Plaintiff, as he alleged, had failed to prove the material allegations of his complaint.  The Court, to whom the issues were submitted without the intervention of a jury, found substantially that all the allegations of the complaint were true, and that all other "allegations and issues in said pleadings contained" were not true, and thereupon rendered judgment that the Plaintiff have restitution of the premises described in the complaint, that is to say, of the whole of the particular quarter section of land in the complaint described.

The sole object of the statute under which this action was brought, is to provide a summary remedy by which landlords may be *restored to the possession* of leased premises, on the expiration of the lease, or the failure of the lessee to comply with the provisions of the lease.  But this object obtained, the statute goes no further.  Any other right which the landlord may have, arising out of his contract, must be enforced, if at all, by another action.  At least no remedy is afforded by the proceedings here provided for.  And it necessarily follows,—if a simple restoration of the property leased is the only, or main object sought to be accomplished by these summary proceedings, that one, if not the most important of the questions involved, where such an issue is made, is whether the premises of which the Plaintiff seeks restitution, are covered by the lease, or the lessee obtained possession thereof under the same ; for until these facts are found for the Plaintiff it is difficult to see how restitution can be awarded him.

These were the identical questions at issue in this case, and the right of the Plaintiff to restitution depended upon his showing that he leased to the Defendant the premises described in the complaint.  His lease, however, showed a letting only of his interest therein, but what was the nature or extent of that interest,—whether it embraced the whole tract described, or was confined to a part only,—whether it was separate or undivided merely—is neither alleged nor proved.  Yet all these inquiries are pertinent, and on their determination rested the right of the Court to award restitution of the premises, as demand-

ed by the Plaintiff. Because, if the interest which it was intended to be let by the instrument received in evidence should prove to be a separate interest of any number of acres, less than the whole, or an undivided fractional part merely, the Court could not give the Plaintiff possession of the whole, for the reason that all was not embraced in the lease, and it would be physically impossible to give him restitution of an undivided interest merely. The language of the lease is general, and is broad enough to include the fee of all the land described, and yet may have been intended to embrace an interest less than the whole,—it will in fact cover any, the least conceivable interest. Had it really been a separate forty acres of the tract described, or an undivided forty acres, which constituted the Plaintiff's interest, and the lease had so described it, can there be a reasonable doubt that the production of such a lease alone would have been insufficient to prove the allegation that he had leased the whole?

If the Plaintiff had declared, according to the facts proved, that he had made a lease of *his interest* in the premises, without averring or proving what that interest was, the Court would not have been able to award restitution to him, because, until the extent of this interest was ascertained, it could not be known what property was embraced in the lease. And even then, it would depend entirely upon the nature of that interest, whether the remedy sought in this action could be obtained. How could the Plaintiff be restored to the possession of an undivided interest in the land described? Or if it should prove that his interest was that of a mortgagor simply, what would the writ of restitution in such a case specify?

It cannot be otherwise than that this lease is too uncertain in its terms to entitle the lessor, without other proofs, to the remedy he seeks. The very language in which it is couched, to my mind, implies that the interest of the lessor was less than the whole; or else so uncertain that he was unwilling, though exacting rent, to make himself responsible for a failure of his title during the term. We could hold that this instrument sustained the averment of the complaint that the Plaintiff leased the quarter section therein described, only upon the ground that he who owns an interest in real proper-

ty is presumed to own the whole thereof, unless the contrary is shown—a presumption by no means violent. If it had specified the extent of the interest leased, the lessee could not have disputed it to that extent, or availed himself of any defect before eviction by paramount title. But inasmuch as the lease did not so specify, the omission could only be helped by averment and proof, which in turn would be open to denial and contradiction. Had the Plaintiff averred that his interest extended to the whole premises, or that the parties so understood and intended the lease, or had such fact been proved on the trial, it is not impossible that he would have been entitled to relief; but as there was no such averment, and what is worse, no proof to sustain the averment had it been made, we do not think the allegations of the complaint upon which issue was joined, are sustained by the evidence, and that the Court erred in finding otherwise, and giving judgment of restitution for the Plaintiff.

Judgment reversed.